**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

SYLVESTER PEOPLES,        )
                                      )
        **Plaintiff,**        )
                                      )
v.                                    )        **No. 11-2863-STA**
                                      )
BANK OF AMERICA,        )
                                      )
        **Defendant.**       )

_____

**ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS**
_____

Before the Court is Defendant Bank of America's Motion to Dismiss (D.E. # 3) filed on October 7, 2011. Defendant's Motion is **GRANTED**.

## BACKGROUND

Plaintiff filed his Complaint in the Chancery Court for Shelby County, Tennessee on August 26, 2011, and Defendant timely removed the matter to this Court. Plaintiff seeks to enjoin the foreclosure of subject property located at 2135 Howell Street, Memphis, Tennessee. The property is mortgaged to Defendant. According to the Complaint, the mortgage on the property fell into arrears upon the illness and death of Plaintiff's mother, Susie Peoples, from whom Plaintiff inherited the property. (Compl. ¶ 3.)[1] Plaintiff alleges that at an unspecified time Defendant discussed a loan modification plan and continued accepting payments on the note. (_Id._) It is not clear from the

---

[1] Plaintiff further alleges that he is his mother's heir and the administrator of her estate. Plaintiff has brought suit only in his individual capacity, and not in his capacity as the administrator of his mother's estate.

Complaint whether Defendant and Plaintiff ever agreed on terms for a firm loan modification. For example, the Complaint states that "[t]he Defendant accepted some payments under a home modification plan or *possible* home modification plan." (*Id.* (emphasis added).) Plaintiff goes on to allege that he "had difficulty making any arrangements on the house because of its status as heir property." (*Id.*) Plaintiff does state that he completed a packet of paperwork and provided financial information for the purpose of obtaining a repayment plan. (*Id.* ¶ 8.)

The Complaint alleges that Defendant has engaged in several kinds of misconduct, namely, the mismanagement of the account, overcharging fees and expenses on the account, and the co-mingling of fees and expenses on the mortgage with an escrow account. (*Id.* ¶ 4.) Plaintiff contends that excessive fees have accrued to the account balance, resulting in additional defaults. (*Id.*) Based on these allegations, Plaintiff claims that Defendant has violated the Tennessee Consumer Protection Act ("TCPA") and the terms of the Deed of Trust. Plaintiff also alleges that Defendant failed to provide proper notice of the foreclosure, including its failure to inform the estate of Plaintiff's mother or the attorney for the estate of the foreclosure. Defendant has never furnished Plaintiff with a summary of the account or any other information to allow him to determine the correct balance. (*Id.* ¶ 11.) Finally, Plaintiff alleges that the Deed of Trust in this case is a contract of adhesion and that Tennessee's procedure for foreclosure by trustee on the courthouse steps violates due process.

In its Motion to Dismiss, Defendant argues that the Complaint fails to state any claim for relief. First, Defendant contends that Plaintiff has not stated his TCPA claim with any particularity or detail. Defendant complains that the pleadings are vague and conclusory and do not provide any specific facts in support of the TCPA allegation. Additionally, Defendant argues that Tennessee does not recognize claims for violation of the TCPA arising from a foreclosure. Second, Defendant

2

argues that Plaintiff's claim that the Deed of Trust was a contract of adhesion also fails as a matter of law. Specifically, Plaintiff has not pled any facts to show that Plaintiff entered into the contract without the opportunity to bargain. Third, Defendant argues that Plaintiff has failed to state a claim for breach of contract. Plaintiff has not alleged how Defendant breached the Deed of Trust, specified which contractual provision was breached, or detailed how Plaintiff was injured by the breach. Fourth, Plaintiff has not stated a claim for wrongful foreclosure because Plaintiff admits that he had notice of the foreclosure. Plaintiff has named Wilson & Associates, the substitute trustee nominated to conduct the foreclosure sale, as a Defendant in this matter.[2] Plaintiff also filed his Complaint in state court on the same day the foreclosure sale was set to occur. Thus, it is clear that Plaintiff had notice of the sale. Defendant maintains that it complied with all of the notice requirements prescribed under Tennessee law. Fifth, Defendant believes that Plaintiff may be attempting to assert a claim under the Home Affordable Modification Program ("HAMP"). To the extent that Plaintiff does allege such a claim, Defendant argues that courts have refused to recognize a private right of action under HAMP. Finally, Defendant contends that Plaintiff has failed to show any entitlement to injunctive relief. Plaintiff has not alleged any facts to meet the requirements for a preliminary injunction. For all of these reasons, the Court should dismiss Plaintiff's claims with prejudice.

Plaintiff has responded in opposition to Defendant's Motion.[3] In his two-page response brief, Plaintiff argues that his Complaint included "numerous and significant allegations" and that "[n]one

---

[2] The parties filed a stipulation of dismissal without prejudice as to Wilson & Associates on December 12, 2011 (D.E. # 7).

[3] Plaintiff's response was due on or before November 8, 2011. When Plaintiff failed to respond by that deadline, the Court directed Plaintiff to file a response by December 9, 2011.

of those allegations appear to be materially rebutted" in Defendant's Motion to Dismiss.[4] Plaintiff

then states that the Court has a copy of the Deed of Trust and restates his claim that Defendant did

not honor the terms of the Deed of Trust. Plaintiff also states without elaboration that his claims are

based on the following contentions: "that he received insufficient notice of the foreclosure and

essentially that he has not been advised what he owes on the property or the note in question, and

that he has been overcharged."[5] Plaintiff has also filed an affidavit with his response, in which

Plaintiff lists the provisions he believes Defendants did not follow in initiating the foreclosure

proceedings as to his property. For example, Plaintiff avers that he never received written notice

about Defendant's rights to proceed against him or his property as Section 15 of the Deed of Trust

requires. Plaintiff also affirms that he does not know how much money is owed on his mortgage or

how far behind he is in his payments. According to the affidavit, Defendant accepted payments from

Plaintiff and then stopped doing so without any explanation. Plaintiff states that he learned of the

foreclosure when he began receiving mail about filing for bankruptcy protection. Plaintiff asks the

Court then to deny Defendant's Motion to Dismiss.

Defendant filed a reply brief in further support of its Motion. Defendant argues that

Plaintiff's argument to contrary, Defendant does not have the burden to offer proof in support of a

Rule 12(b)(6) motion. For similar reasons, Defendant asks the Court to disregard Plaintiff's affidavit

attached in support of his response. Defendant further argues that by failing to oppose arguments

raised in Defendant's Motion, Plaintiff has waived his right to oppose the dismissal of the claims

Defendant has attacked. Defendant contends that Plaintiff's pleadings show only the possibility of

---

[4] Pl.'s Resp. in Opp'n 1.

[5] *Id.*

4

misconduct and therefore fail to raise his right to relief above the speculative level. Finally, Defendant contends that Plaintiff's Complaint fails to state any claim for relief, particularly for breach of contract. Therefore, the Court should grant Defendant's Motion to Dismiss.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[6] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[7] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[8]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[9] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[10] In order to survive

---

[6] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[7] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[8] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise

a right to relief above the speculative level" and to "state a claim to relief that is plausible on its

face."[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

## ANALYSIS

The Court holds that Plaintiff's claims are subject to dismissal. As an initial matter, the

Court finds that Plaintiff's bare allegations do little more than suggest the possibility of some

wrongdoing. Plaintiff has failed to alleged with any specificity what his causes of action are, much

less facts to support his legal theories. Even after Defendant filed its Rule 12(b)(6) Motion, Plaintiff

has essentially rested on his pleadings. The Court highlights the fact that Plaintiff's two-page

response brief, which Plaintiff describes as "clear, concise, and simple," fails to cite a single case

or authority in support. As the Sixth Circuit recently remarked, "[d]istrict courts read motions, not

minds, and nothing requires them to distill any possible argument which could be made based on the

materials before them."[13] These defects in the pleadings and briefing notwithstanding, it is clear that

the Complaint alleges some cause of action based on Defendant's handling of the mortgage on the

home of Plainitff's late mother, including the foreclosure proceedings undertaken by Defendant.

Viewing the allegations of the pleadings in a light most favorable to Plaintiff, the Court holds that

the Complaint can be construed to allege claims for breach of contract under the Deed of Trust,

---

[11] *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[12] *Iqbal,* 129 S.Ct. at 1949.

[13] *Siler v. Webber*, 443 F. App'x 50 (6th Cir. 2011) (quoting *Blue Cross & Blue Shield of Ala. v. Weitz,* 913 F.2d 1544, 1550 (11th Cir. 1990) (quotation marks omitted)).

violations of the TCPA, and violations of Plaintiff's due process rights.[14]  Having analyzed the

pleadings under each theory, the Court holds that Plaintiff has failed to state a claim upon which this

relief can be granted.  Therefore, Defendant's Motion to Dismiss must be **GRANTED**.

## I.  Matters Submitted Outside the Pleadings

Both parties have submitted exhibits and documents that were not attached to Plaintiff's

original state court Complaint.  Defendants have attached to their Motion to Dismiss a copy of the

Deed of Trust as well as a notice of the trustee's sale and proof of publication.  Plaintiff has provided

his own affidavit with his response brief, elaborating on some of the facts supporting his claims.

Rule 12(d) of the Federal Rules of Civil Procedure provides that

> If, on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented
> to and not excluded by the court, the motion must be treated as one for summary
> judgment under Rule 56.  All parties must be given a reasonable opportunity to present
> all the material that is pertinent to the motion.[15]

The Court retains the discretion to consider or exclude such extrinsic evidence presented with a Rule

12(b) motion.[16]  Even where a party attaches exhibits to a Rule 12 motion, Rule 10(c) provides that

"[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all

purposes."[17]  Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his

---

[14] Defendant has argued that Plaintiff may be alleging a violation of HAMP.  However, Plaintiff has not addressed this contention in his response brief.  Under the circumstances, the Court finds that Plaintiff is not pursuing such a claim and will not address it here.

[15] Fed. R. Civ. P. 12(d); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008).

[16] *Jones*, 521 F.3d at 561.  *See also Pueschel v. United States*, 369 F.3d 345, 353 n.3, (4th Cir. 2004); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003).

[17] Fed. R. Civ. P. 10(c).

complaint documents upon which his action is based.[18]  Nevertheless, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims.[19]

The Court finds that the documents submitted with Defendant's Motion to Dismiss are properly considered part of the pleadings because they are referred to in the Complaint and are central to the claims.  It is clear that the Complaint refers extensively to the Deed of Trust and as a result that document is central to Plaintiff's claims for breach of contract.  Likewise, Plaintiff has alleged that he did not receive proper notice of the foreclosure and that the notice Defendant did give violated the terms of the deed of trust.  Based on this allegation, the Court finds that Defendant's notice, including proof of publication, is referred to in the pleadings and central to Plaintiff's claim of improper notice.  Thus, the documents attached to Defendant's Motion to Dismiss are properly part of the pleadings, and the Court will consider them without converting the instant Motion to a motion for summary judgment.  As for Plaintiff's affidavit filed with his response brief, the Court finds that the affidavit is not properly part of the pleadings.  Plaintiff has simply used the affidavit to amplify the fact pleadings of the Complaint.  Because the Court finds that the affidavit is not part of the pleadings per se, it declines to consider the affidavit in ruling on Defendant's Motion to Dismiss.

## II.  Breach of Contract

Viewing the allegations of the Complaint in the light most favorable to Plaintiff, the Court

_____

[18] *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762 (2d ed. 1990)).

[19] *Weiner*, 108 F.3d at 89 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

discerns that Plaintiff has alleged breaches of the Deed of Trust. Under Tennessee law, a plaintiff alleging breach of contract must prove (1) the existence of a contract, (2) breach of the contract, and (3) damages which flow from the breach.[20] Plaintiff alleges that the subject property is titled in the name of his late mother Susie Peoples, that he is the heir by law of his mother, and that he inherited the property upon her death. Upon inspection, the Deed of Trust shows that the lone signatory was Susie Peoples-Williams, who signed the Deed on July 26, 2006, in her capacity as the borrower. While pointing out that the estate of Ms. Peoples is not a party to this action, Defendant does not dispute that Plaintiff is a successor in interest to the property.

With respect to how Defendant breached the Deed of Trust, the Court finds that the Complaint fails to specify the exact provisions of the Deed of Trust he believes Defendant breached. Based on his response brief, it appears to the Court that Plaintiff bases his breach of contract theory on three possible breaches: the inadequacy of Defendant's notice of the foreclosure sale, Defendant's failure to properly disclose the balance of the debt, and Plaintiff's assertion that Defendant has overcharged him. The Court will consider each allegation in turn.

## A. Lack of Notice of the Foreclosure

Plaintiff has alleged that he "did not get notice of this foreclosure, or proper notice of this foreclosure." Compl. ¶ 7. Specifically, Plaintiff alleges that his mother's estate and the attorney of the estate did not receive notice of the foreclosure. As a general rule, "a trustee must strictly comply with the advertisement and notice terms set forth in a deed of trust."[21] Where a trustee fails to

---

[20] *Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996) (applying Tennessee law).

[21] *Self Help Ventures Fund v. Robilio*, No. W2009-00368- COA-R3-CV, 2010 WL 2176093, at *4–6 (Tenn. Ct. App. June 1, 2010) (citing *Henderson v. Galloway,* 27 Tenn. 692,

comply with foreclosure terms, the consequence depends on the source of the requirement.[22]  "Clear terms laid out in a deed of trust must be strictly complied with in order for the conveyance to be valid."[23]

The Court holds that Plaintiff has failed to state a claim for breach of the Deed of Trust's notice provision.  Although it is not clear what Plaintiff means by a failure "to give notice or proper notice," Plaintiff's allegation that he did not receive notice or proper notice is not plausible under the circumstances.  Plaintiff complains that he never received notice nor did his mother's estate or the attorney for the estate. And yet Plaintiff alleges that he received "information which has been furnished and required by the foreclosing attorneys" and he named the firm of Wilson and Associates as a defendant in this suit.[24]  Defendant points out and Plaintiff has not disputed that the Complaint was filed in state court on the same day the foreclosure sale was to occur, August 26, 2011.  It is clear then that Plaintiff had some notice of the foreclosure sale.  What is more, the Deed of Trust in section 15 specifies the type of notice required between the borrower, meaning Plaintiff, and Defendant.  That section reads, "All notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail . . . . The notice address shall be the Property Address unless Borrower has designated a substitute notice

---

695–96 (Tenn. 1848) (other citation omitted)).

[22] *Robilio*, 2010 WL 2176093, at *6.

[23] *Id.* (citing *Progressive Bldg. & Loan Ass'n v. McIntyre,* 169 Tenn. 491, 89 S.W.2d 336, 336 (Tenn.1936) (other citation omitted)).

[24] Compl. ¶ 11.

address by notice to Lender. . . ."[25]  Defendant has attached copies of the notice letters dated July 29, 2011, addressed to Susie Peoples-Williams at 2135 Howell Avenue, Memphis, Tennessee 38108. According to the Deed of Trust, this address was the "property address."  Based on this exhibit, the Court holds that Defendant properly addressed notice under the terms of the Deed of Trust. Additionally, Plaintiff emphasizes that notice of the foreclosure was not given to his mother's estate or the attorney for the estate.  The Court finds that sections 15 and 22 of the Deed of Trust do not require notice to the administrator of a decedent's estate or the attorney for the estate in the event of foreclosure, only notice to the "Borrower."  Therefore, the Court holds that Plaintiff has failed to state any claim for breach of the Deed of Trust's notice provision at section 15.

Even though the pleadings admit that Plaintiff received notice of some kind, Plaintiff contends that he did not receive "proper notice" of the sale.  Defendant has submitted the trustee's notice of the foreclosure sale as well as proof of publication.  Plaintiff has failed to respond to these exhibits in any way.  The Deed of Trust at section 22 requires that if Defendant "invokes the power of sale, Trustee shall give notice by public advertisement in the county in which the Property is located for the time and in the manner provided by Applicable Law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in Section 15."[26]  The applicable law on notice of foreclosure sales, Tenn. Code Ann. § 35-5-101, states, "In any sale of land to foreclose a deed of trust, mortgage or other lien securing the payment of money or other thing of value or under judicial orders or process, advertisement of the sale shall be made at least three (3) different

---

[25] Deed of Trust § 15 (D.E. # 3-3).

[26] *Id.* at § 22.

times in some newspaper published in the county where the sale is to be made."[27]  The statute goes on to require that the first publication be made at least 20 days prior to the sale.[28]  According to the proof of publication, Defendant caused the notice to be published in the Daily News, a newspaper published in Memphis, Shelby County, on August 2, 9, and 16, 2011.[29]  The trustee's notice of the sale stated that the sale was to occur August 26, 2011.[30]  Based on these exhibits, the Court holds that Defendant satisfied the notice requirements of the Tennessee Code and Plaintiff received proper notice of the sale.

In the alternative, the Court holds that Plaintiff has failed to allege any damage resulting from the allegedly deficient notice of the sale.  One other federal court applying Tennessee law has held that a plaintiff fails to allege damages for breach of a deed of trust based on inadequate notice of a foreclosure where the plaintiff receives notice of some kind and files suit before the foreclosure sale occurs.[31]  Therefore, Plaintiff has failed to state any claim that the notice breached the terms of the Deed of Trust causing him any damages.  For these reasons, Defendant's Motion to Dismiss is **GRANTED** as to this issue.

## B.  Defendant's Failure to Properly Disclose the Balance of the Debt

Next, Plaintiff's response brief states that "he has not been advised what he owes on the

---

[27] Tenn. Code Ann. § 35-5-101(a).

[28] § 35-5-101(b).

[29] Def.'s Mot. Dismiss, ex. D (D.E. # 3-5).

[30] *Id.*, ex. C (D.E. # 3-4).

[31] *Shirley v. NationStar Mortg., LLC*, No. 2:10-CV-144, 2011 WL 1196787, at *2 (E.D. Tenn. Mar. 29, 2011).

property or the note in question."[32]  The Complaint can be construed to allege a claim that Defendant breached the terms of the Deed of Trust by its failure to disclose to Plaintiff in detail what he owed on the mortgage.  The Complaint states without elaboration that "[t]he balance demanded by the Defendant prior to the foreclosure was incorrect" and that Plaintiff "has never been furnished with (sic) ledger card, account summary, or any other discernible information which could be reviewed to show his status on the loan with the Defendant."[33]  Neither in his Complaint nor in his response brief has Plaintiff identified what sections of the Deed of Trust required these disclosures or how Defendant has breached these sections.[34]  Section 22 of the Deed of Trust requires that the lender's notice of acceleration specify  the following: "(a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which default must be cured required; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by [the Deed of Trust] and sale of the Property."[35]  The Court holds that this term of the Deed of Trust did not oblige Defendant to furnish a ledger card or account summary, only "the action required to cure the default."  Plaintiff has

---

[32] Pl.'s Resp. in Opp'n 1.

[33] Compl. ¶¶ 11, 12.

[34] Even if the Court looked beyond the pleadings and considered Plaintiff's affidavit, Plaintiff has not shown an entitlement to relief based as to this claim.  The affidavit states that "I never received any indication from the Defendant as to the application of any payments on this account as set forth in 2. of the Deed of Trust."  Peoples Aff. ¶ 2. (D.E. # 6-1).  While it is true that section 2 of the Deed addresses the application of payments or proceeds, that section does not require disclosure or an accounting of any kind.  Therefore, section 2 did not charge Defendant with a duty to provide the statements or account summary Plaintiff believes he was denied.

[35] Deed of Trust § 22.

actually pleaded that the balance Defendant demanded prior to foreclosure was not accurate, suggesting that Defendant did inform Plaintiff of what the balance was prior to foreclosure. The Court finds that the terms of the Deed of Trust did not require more and so Defendant complied with the Deed of Trust.[36] To the extent that Plaintiff has alleged a cause of action for breach of the Deed of Trust based on this conduct, Plaintiff has failed to state a claim upon which relief may be granted. Therefore, Defendant's Motion is **GRANTED** as to this claim.

### C. Excessive Charges

Plaintiff's final allegation for breach of the Deed of Trust concerns the fees and expenses charged on the mortgage. Plaintiff contends that Defendant has violated the Deed of Trust by "applying previous payments to fees, expenses and costs that were never billed or articulated at the time that they were contemporaneously added to the account." Compl. ¶ 4. Plaintiff further alleges that Defendant has mingled mortgage fees and expenses with an escrow account or advances "that are not supposed to exist." As a result, Defendant has overcharged Plaintiff and assessed excessive fees and expenses on the account. The Deed of Trust provides that the lender will apply all payments from the borrower in the following order of priority: "(a) interest due under the Note; (b) principal due under the Note; (c) amounts due [for escrow items]."[37] The Deed of Trust goes on to state that

---

[36] The Court notes that Plaintiff has not alleged that he submitted a qualified written request for an accounting or that Defendant failed to respond to a request in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(e). Nor is there any allegation that prior to filing the instant suit, Plaintiff availed himself of "the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." Deed of Trust § 22. The Deed of Trust provides this remedy upon the borrower's first receipt of notice of default. The lender is entitled to proceed with foreclosure only after the borrower fails to cure the default by the date specified in the notice. *Id.*

[37] Deed of Trust § 2.

additional payment amounts should apply "first to late charges, second to any other amounts due under [the Deed of Trust], and then to reduce the principal balance of the Note."[38]  The Deed of Trust contains additional provisions about how delinquent payments are to be applied.  With respect to the charging of fees, the Deed of Trust only states that Defendant reserves the right to charge fees unless the fees are expressly prohibited by the Deed or by applicable law.[39]

The Court holds that Plaintiff has failed to state a claim for breach of the Deed of Trust on the issue of excessive fees.  The Complaint plausibly alleges that "the loan fell into arrears upon the final illness and death of his mother" and that "Plaintiff had great difficulty making any arrangements on the house because of its status as heir property."[40]  These fact pleadings give rise to plausible inferences that the note was in default and that Defendant assessed fees on the account associated with the default.  What is more, the Complaint plausibly alleges that Plaintiff made some payments with the understanding that the parties would enter into a home modification plan and that Plaintiff made these payments up until December 2010.[41]  From these premises, however, the Complaint leaps to the conclusion that "Defendant violated the terms of the Deed of Trust by

---

[38] *Id.*

[39] *Id.* at § 14 ("In regard to other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee.").  Elsewhere, the Deed defines "applicable law" to mean " all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as applicable final, non-appealable judicial decisions." *Id.* at "DEFINITIONS" (J).

[40] Compl. ¶ 3.

[41] *Id.*

applying previous payments to fees, expenses and costs that were never billed. . . ."[42]  Viewed in the light most favorable to Plaintiff, this allegation is part unwarranted, speculative factual inference and part a legal conclusion.  In any event, the Court need not accept it as true.[43]

Not only is the Court not required to accept Plaintiff's legal conclusion as true, the Court finds that Plaintiff has failed to allege any plausible facts to show that Defendant misapplied his payments or otherwise breached the terms of the Deed of Trust.  Other than general allegations of overcharging Plaintiff, nowhere has Plaintiff alleged how Defendant breached the  Deed of Trust's terms for the application of payments or when the breaches occurred.  The Complaint also refers in passing to an "escrow account" but does not allege what the account is or explain why it is "not supposed to exist."[44]  Based on nothing more than Plaintiff's vague and conclusory fact pleadings, the Court holds that Plaintiff has failed to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[45]   Therefore, Defendant's Motion is **GRANTED** as this issue.

### D. Contract of Adhesion

The Court briefly considers the Complaint's single allegation that the "Deed of Trust in this instance is a contract of adhesion; not contemplated, read or negotiated by the parties. . . ."[46]  The

---

[42] *Id.* ¶ 4.

[43] *Morgan*, 829 F.2d at 12.

[44] The Deed of Trust addresses "Funds for Escrow Items" in section 3.  Deed of Trust, § 3.

[45] *Iqbal,* 129 S.Ct. at 1949.

[46] Compl. ¶ 5.

Tennessee Supreme Court has defined a contract of adhesion as "a standardized contract form offered to consumers of goods and services on essentially a 'take it or leave it' basis, without affording the consumer a realistic opportunity to bargain and under such conditions that the consumer cannot obtain the desired product or service except by acquiescing to the form of the contract."[47] However, "[a] contract is not adhesive merely because it is a standardized form offered on a take-it-or-leave-it basis."[48] Even where a contract is adhesive, the contract remains enforceable unless a plaintiff can show that the contract is also unconscionable.[49]

The Court finds that Plaintiff's lone statement about the Deed of Trust being a contract of adhesion amounts to a legal conclusion, and not a fact pleading, and is therefore not entitled to any assumption of truth.[50] Stripping the pleadings as a whole of this isolated conclusion of law, the Court holds that Plaintiff has failed to allege any facts in support of this theory, let alone all of the elements for establishing such a claim. Therefore, the Court holds that any allegation that the Deed of Trust was a contract of adhesion is subject to dismissal.

## III. Tennessee Consumer Protection Act

The Complaint refers generally to the TCPA and alleges that Defendant's conduct violated the Act. The TCPA states that "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices. . . ."[51] Among the unfair or deceptive acts

---

[47] *Buraczynski v. Eyring,* 919 S.W.2d 314, 320 (Tenn. 1996).

[48] *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 499–500 (6th Cir. 2004)

[49] *Id.* at 503.

[50] *Morgan*, 829 F.2d at 12.

[51] Tenn. Code Ann. § 47-18-104(a).

or practices listed in the TCPA is a catch-all provision that makes "engaging in any other act or practice which is deceptive to the consumer or to any other person" unlawful.[52] An "unfair or deceptive" act or practice is a "material representation, practice or omission likely to mislead a reasonable consumer."[53] "In order to be successful under the [TCPA], it must be proven that there was some deception, misrepresentation or unfairness, regardless of any breach of contract."[54] Furthermore, claims under the Act are subject to the one-year statute of limitations provided in Tenn. Code Ann. § 47-18-110: "Any action commenced pursuant to § 47-18-109 shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under § 47-18-109 be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief."[55] Tenn. Code Ann. § 47-18-109 is the provision of the TCPA creating a private cause of action for unfair or deceptive acts or practices.[56]

The Complaint alleges essentially that Defendant engaged in three types of conduct which violated the TCPA: the execution of the mortgage and Deed of Trust, the attempts to agree on a loan

---

[52] § 47-18-104(b)(27).

[53] *Ganzevoort v. Russell,* 949 S.W.2d 293, 299 (Tenn. 1997).

[54] *Hamilton Cnty. Emergency Commc'ns Dist. v. Orbacom Commc'ns Integrator Corp.*, No. 1:04-CV-7, 2006 WL 120157, at *8-9 (E.D. Tenn. Jan. 17, 2006) (citing *Office Furniture & Related Servs. Inc. v. United Constr. Corp.*, No. M2003-02126-COA-R3-CV, 2005 WL 378707, at *5 (Tenn. Ct. App. Feb.16, 2005).

[55] Tenn. Code Ann. § 47-18-110.

[56] § 47-18-109(a) ("Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice described in § 47-18-104(b) and declared to be unlawful by this part, may bring an action individually to recover actual damages.").

modification plan, and the conduct of the foreclosure proceedings. The Court will take up each claim separately.

## A. Execution of the Mortgage and Deed of Trust

Plaintiff alleges that "[t]he loan agreement as advertised, as implemented, and as executed violates" the TCPA.[57] In so far as this pleading alleges unfair or deceptive conduct in connection with the origination of the loan and mortgage, the Court finds that Plaintiff's TCPA claims arising from the mortgage transaction itself are now time-barred. This Court has permitted a TCPA claim based on an underlying mortgage transaction and considered when such a claim accrued.[58]  In the case at bar, Plaintiff's mother signed the Deed of Trust on July 26, 2006, more than five years prior to the filing of this suit. Even if Plaintiff had pleaded facts to show that the TCPA's one-year statute of limitations should be tolled, the Act's five-year statute of repose would still bar any claim based on Ms. Peoples' original mortgage transaction. Therefore, the Court holds that to the extent Plaintiff alleges such a claim under the TCPA, the claim is now time-barred.

## B. Loan Modification Plan

Plaintiff next contends that his TCPA claim is also based on "false and deceptive practices being extended to heirs on property."[59]  The pleadings allege that "during the foreclosure process

---

[57] Compl. ¶ 4. The Court has already considered Plaintiff's allegation that the contract was adhesive. To the extent that Plaintiff's Complaint can be construed to allege a TCPA under the same theory, the Court's reasoning here would also apply.

[58] *Terry v. Cmty. Bank of N. Va.*, 255 F. Supp. 2d 817, 823 (W.D. Tenn. 2003); *Bolden v. Aames Funding Corp.*, No. 03-2827, 2005 WL 948592, at *4 (W.D. Tenn. Feb. 25, 2005) (measuring TCPA's statute of repose from date lender disbursed loan where plaintiff brought TCPA claims for failure to make disclosures and failure to consider plaintiff's ability to repay).

[59] Compl. ¶ 6.

which was apparently going on [Plaintiff] was solicited to give an extensive financial statement and to complete a loan workout packet with a view towards a forbearance agreement" and that after Plaintiff completed the paperwork, Defendant assured him "that he would be accepted for a repayment plan."[60]   According to the Complaint, "it should be wrongful to solicit funds and repayment plans from customers at the same time events are underway to take the Plaintiff's property."[61]   These pleadings appear to form the basis for Plaintiff's TCPA claim regarding his attempts to modify the loan and avoid foreclosure.  The Sixth Circuit has questioned in *dicta* whether the TCPA would even apply to conduct related to a mortgage forbearance agreement of the kind Plaintiff describes in the Complaint.[62]   Regardless, the Court holds that none of these allegations meet the heightened pleading requirements for stating a claim for violation of the TCPA.  Courts applying the TCPA have held that a plaintiff must plead with particularity the circumstances of the unfair or deceptive conduct.[63]   Here Plaintiff has failed to allege the particulars of Defendant's conduct, specifically, the timing of his application for loan modification and the specifics of any representations made by Defendant.[64]   Plaintiff has simply alleged that he applied for a loan

---

[60] *Id.* ¶ 8.

[61] *Id.*

[62] *Hinton v. Wachovia Bank of Delaware Nat. Ass'n*, 189 F. App'x 394, 401 n.11 (6th Cir. 2006).

[63] *E.g. Metro. Prop. & Cas. Ins. Co. v. Bell*, No. 04-5965, 2005 WL 1993446, at * 5 (6th Cir. Aug. 17, 2005) (applying Fed. R. Civ. P. 9(b)); *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 276 (Tenn. Ct. App. 1999) (applying Tenn. R. Civ. P. 9.02)).

[64] In one instance the Complaint alleges that Defendant continued to accept payments even though the foreclosure was under way.  Compl. ¶ 8.  Elsewhere, Plaintiff alleges that Defendant stopped accepting payments in December 2010.  *Id.* ¶ 3.  It is not clear then when Defendant engaged in the allegedly unfair or deceptive conduct.

modification (or even forbearance) at some time after the loan was in default and foreclosure was underway. Plaintiff does not allege that Defendant wrongfully rejected his application but simply that Defendant acted deceptively by soliciting continued payments on the note and by having Plaintiff complete loan modification paperwork. The Court holds that these allegations are not enough to state a TCPA claim. Based on this deficiency alone, the Court holds that Plaintiff has failed to state his TCPA claim for the conduct surrounding the loan modification.

Even if the pleadings did meet the heightened standard for TCPA claims, the Complaint suggests that Plaintiff's attempt at loan modification was contemporaneous with the foreclosure proceedings. The Complaint alleges that "it should be wrongful to solicit funds and repayment plans from customers *at the same time* events are underway to take the Plaintiff's property."[65] In a separate fact pleading, Plaintiff contends Defendant's conduct occurred "during the foreclosure process."[66] Accepting the inference that the loan modification was part of the larger debt collection and foreclosure process in this case, the Court holds that the TCPA does not apply to such a claim. Courts applying Tennessee have consistently held that the TCPA does not reach the manner in which a lender conducts foreclosure proceedings.[67] The Tennessee Supreme Court rejected the application

---

[65] Compl. ¶ 8 (emphasis added).

[66] *Id.*

[67] *Vaughter v. BAC Home Loans Servicing, LP*, No. 3:11-CV-00776, 2012 WL 162398, at *6 (M.D. Tenn. Jan. 19, 2012); *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 609-10 (W.D. Tenn. 2011); *Flynn v. GMAC Mortg., LLC*, No. 03:11-CV-416, 2011 WL 4708858, at *2 (E.D. Tenn. Oct. 4, 2011); *Launius v. Wells Fargo Bank, N.A.*, No. 03:09-CV-501, 2010 WL 3429666, at *5-6 (E.D. Tenn. Aug. 27, 2010); *Simms v. CIT Group Consumer Fin.*, No. 08-2655-STA, 2009 WL 973011, at *9 (W.D. Tenn. Apr. 9, 2009); *Schmidt v. Natl. City Corp.*, No. 3:06-CV-209, 2008 WL 5248706, * 8 (E.D. Tenn. Dec. 17, 2008) (holding that held that there was no TCPA cause of action for the allegedly deceptive conduct of foreclosure proceedings); *Hunter v. Washington Mut. Bank*, No. 2:08-cv-069, 2008 WL 4206604,

of the TCPA to consumer repossession in *Pursell v. First American Nat. Bank*.[68]  Although the *Pursell* court did not extend its ruling to all banking activities in Tennessee, the Court finds the *Pursell* rule applicable to foreclosure proceedings.  The *Pursell* court was presented with the issue of whether the TCPA created a cause of action for deceptive repossession procedures.  In a detailed analysis of the TCPA, the Tennessee Supreme Court held that repossession was not "trade or commerce" as defined in the Act and so the Act's protections did not cover repossession.  The actions of a bank and its agent in carrying out a repossession, "even if considered to be unfair or deceptive, did not affect the 'advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated.'"[69]  The *Pursell* court warned that the TCPA did "not extend to every action of every business in the State."[70]  Based on this authority, the Court concludes that Plaintiff has failed to state a claim under the TCPA for the manner in which Defendants negotiated the loan modification or forbearance agreement.  Therefore, Defendant's Motion is **GRANTED** as to this issue.

## C.  Conduct of the Foreclosure Proceedings

Likewise, for the reasons already discussed, any TCPA claim alleged for the conduct of the foreclosure proceedings must be dismissed.   In addition to Plaintiff's allegations about the loan

---

at * 5-6 (E.D. Tenn. Sept. 10, 2008).

[68] 937 S.W.2d 838 (Tenn. 1996).

[69] *Id*. at 841.

[70] *Id*.

modification process, Plaintiff has alleged that Defendant failed to give proper notice of the foreclosure.[71]  Although the Complaint does not specify whether this claim is even brought under the TCPA, Plaintiff alleges generally that Defendant is "guilty of false and misleading practices" in violation of the Act.  Construing this broad contention to include Defendant's lack of notice about the foreclosure itself, the Court holds that the TCPA does not apply to such conduct.  To the extent then that Plaintiff has alleged a TCPA claim for the lack of notice, Defendant's Motion is **GRANTED** as to the claim.

## IV.  Due Process Violation

Next, the Court turns to the Complaint's single allegation that "the process in Tennessee of foreclosure by a Trustee on the courthouse steps denies citizens of rights they would otherwise have to due process under the law."[72]  Even though neither party has addressed this claim in their briefing, the Court holds that it is subject to dismissal.  Another court applying Tennessee law to foreclosure proceedings has rejected this argument, concluding that the claim "will not lie in the absence of state action."[73]  Plaintiff has not alleged any state action here, only a sequential foreclosure process between two private parties governed by the Deed of Trust.  Therefore, Plaintiff's due process claim is dismissed.

## V.  Injunctive Relief

Finally, the Complaint prays for a temporary restraining order, a preliminary injunction, and

---

[71] Compl. ¶¶ 6, 7.

[72] *Id.* ¶ 5.

[73] *Powell v. GMAC Mortg.*, No. 3:10-CV-87, 2010 WL 2133943, at * 4 (E.D. Tenn. 2010) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982)).

a permanent injunction. Based on the Court's dismissal of Plaintiff's claims, it need not consider Plaintiff's prayer for injunctive relief.

## CONCLUSION

The Court holds that the Complaint fails to state any claim for relief. Accepting the factual pleadings of the Complaint as true and construing the allegations in the light most favorable to Plaintiff, Plaintiff has not stated his claims for breach of the Deed of Trust, violations of the TCPA, or violations of his due process rights. Therefore, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 22nd, 2012.